CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 28 2019

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES W. CAMPBELL, SR., | ) |
| | ) |
| Petitioner, | ) CASE NO. 7:18CV00277 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TAMMY BROWN, | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Respondent. | ) |

Petitioner, James W. Campbell, Sr., a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that the petition should be dismissed without prejudice because the claims are unexhausted. See 28 U.S.C. § 2254(b). After review of the petition and state court records available on line, I conclude that the motion to dismiss must be denied.

Campbell is detained pursuant to final orders of the Circuit Court of Amherst County entered on August 26, 2015 (Case No. CR15015213-00) and November 9, 2015 (Case No. CR15015307-00). Both of these convictions arose out of the same set of circumstances, but at Campbell's request, the circuit court severed the charges and he was convicted in two separate trials.

In Case No. CR15015213-00, after a bench trial, Campbell was convicted of manufacturing methamphetamine and sentenced to 25 years' imprisonment, with 14 years suspended. The Court of Appeals of Virginia reversed this conviction, and the Commonwealth appealed. The Supreme Court of Virginia reversed the judgment of the court of appeals, reinstated the circuit court's order of conviction, and entered final judgment for the Commonwealth on December 14, 2017. See

Campbell v. Commonwealth, 791 S.E.2d 351 (Va. App. 2016), rev'd 807 S.E.2d 735 (Va. 2017), cert. denied, 139 S. Ct. 421 (Oct. 29, 2018), reh'g denied, 139 S. Ct. 1244 (Feb. 19, 2019).

In Case No. CR15015307-00, Campbell entered a conditional plea of guilty to possession with intent to distribute methamphetamine "pending the outcome of [his] appeal of the pretrial motions." (Resp.'s Ex. B, at 3 [ECF No. 14-2]). The circuit court sentenced Campbell to 11 years in prison, concurrent with his other state sentence. The Court of Appeals of Virginia affirmed this conviction. Campbell v. Commonwealth, 817 S.E.2d 663 (Va. App. 2018). The Supreme Court of Virginia refused Campbell's subsequent appeal in that court on April 29, 2019.

Campbell signed and dated his § 2254 petition on June 12, 2018, raising the same claims for relief that his attorney presented in an attached, state court appellate brief. At that time, Campbell's petition for a writ of certiorari regarding Case No. CR15015213-00 was still pending in the United States Supreme Court, and his appeal regarding Case No. CR15015307-00 was still pending in the Supreme Court of Virginia. Accordingly, in October 2018, Respondent moved to dismiss Campbell's petition for failure to exhaust state court remedies, without prejudice to his ability to refile his claims in a new petition after his appeals were completed. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

Records available online now indicate that, as to the claims raised in the § 2254 petition, asserting court error claims only, Campbell has exhausted his state court remedies by presenting the claims to the Supreme Court of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In addition, his certiorari petition is no longer pending. Accordingly, I conclude that the motion to dismiss his petition for failure to exhaust available state court remedies must be denied. I will grant Respondent 30 days to respond to Campbell's claims. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 28th day of May, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE